**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CASEY D. MAYER, | ) | NO. ED CV 12-515-DMG(E) |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER ACCEPTING AND ADOPTING |
| | ) | |
| v. | ) | IN PART FINDINGS CONCLUSIONS |
| | ) | |
| LOUIS REDIX, et al., | ) | AND RECOMMENDATIONS OF UNITED STATES |
| | ) | |
| Defendants. | ) | MAGISTRATE JUDGE AND MAKING |
| | ) | |
| _____ | ) | ADDITIONAL FINDINGS AND CONCLUSIONS |

Pursuant to 28 U.S.C. section 636, the Court has reviewed all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  Except as otherwise stated herein, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.  As explained below, however, the Court rejects the Report and Recommendation in part, and makes certain additional findings and conclusions:

///

///

///

**1.  The textual material on page 3, from the portion of line 6 beginning with "Thus . . ." through line 10, is deleted and the following is substituted therefor:**

On August 26, 2013, Plaintiff filed "Plaintiff's Submittal of Magnetic Resonance Imaging (MRI) Report, etc."

On May 28, 2014, following the filing of the Report and Recommendation, Plaintiff filed: (1) "Plaintiff's Objections to the Magistrate Judge's Reprot [sic] and Recommendations"; and (2) a "Memorandum of Points and Authorities in Support of the Plaintiff's Objections to the Magistrate Judge's Report and Recommendations."

**2.  The following is added between the first and second full paragraphs on page 4:**

Where a party moving for summary judgment bears the burden of proof at trial, as Plaintiff does here, that party "must come forward with evidence which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial." C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).  "In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." id. (citation omitted).  A moving party who bears the burden of persuasion at trial must show that "the evidence is so

1    powerful that no reasonable jury would be free to disbelieve

2    it." Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008)

3    (citations omitted).

4

5        **3.  In the second full paragraph beginning on page 4, all text**

6    **beginning with "When a summary judgment motion is unopposed . . ." is**

7    **deleted and the following is inserted in its place:**

8

9        Where, as here, both Plaintiff and Defendants have

10   moved for summary judgment, the Court must determine whether

11   the parties' submissions demonstrate the existence of a

12   genuine issue for trial. See United States v. Fred A.

13   Arnold, Inc., 573 F.2d 605, 606 (9th Cir. 1978) ("well

14   settled" that the filing of cross-motions for summary

15   judgment "does not vitiate the court's responsibility to

16   determine whether disputed issues of material fact are

17   present").  The Court must consider the evidence identified

18   and submitted in support of, and in opposition to, both

19   motions.  See Fair Housing Council of Riverside County, Inc.

20   v. Riverside Two, 249 F.3d 1132, 1134 (9th Cir. 2001).

21

22       The Court may consider Plaintiff's verified First

23   Amended Complaint and sworn memoranda submitted in support

24   of Plaintiff's Motion for Summary Judgment and in Opposition

25   to Defendants' Motion for Summary Judgment to the extent

26   that the documents contain nonconclusory factual assertions

27   based on personal knowledge.  See Lopez v. Country Ins. &

28   Fin. Servs., 252 Fed. App'x 142, 144 n.2 (9th Cir. 2007)

1    (where pro se plaintiff signs pleadings or motions under

2    penalty of perjury, district court must treat the pleadings

3    and motions as evidence for purposes of summary judgment);

4    Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995)

5    (sworn complaint); Medina v. Donahoe, 854 F. Supp. 2d 733,

6    740 (N.D. Cal. 2012) (sworn opposition).

7

8    **4.   The following assertedly "Undisputed Facts" are deleted from**

9    **pages 9 through 12:**

10

11    (a) "UF No. 10"; (b) "UF No. 21" insofar as it states

12    that Plaintiff admitted he had been exercising his shoulder;

13    and (c) "UF No. 34."

14

15    **5.   The first two paragraphs of section A.2.a. ("Pain**

16    **Medication") at pages 15 through 16 are deleted and the following is**

17    **substituted therefor:**

18

19    In his verified First Amended Complaint, Plaintiff

20    contends that Defendant Quinn refused to give Plaintiff pain

21    medication "immediately" after the surgery (FAC, p. 2).  In

22    his declaration attached to his Opposition to Defendants'

23    Motion for Summary Judgment, Plaintiff asserts that he did

24    not receive pain medication until approximately 48 hours

25    after the surgery, and then received only Tylenol 3, which

26    allegedly did not relieve Plaintiff's pain (see ECF No. 119,

27    attached Decl. of Mayer, ¶ 5).

28   ///

Plaintiff also alleges, however, that on July 22, 2008 (the date of the surgery)[*] the physician's assistant told Plaintiff that Defendant Quinn had prescribed Tylenol 3, and that the next day the physician's assistant telephoned Defendant Quinn and increased the medication (FAC, p. 4, ¶¶ 3-4).

In his Objections to the Report and Recommendation, Plaintiff asserts somewhat different allegations, stating that after the surgery he received ibuprofen for pain management, which assertedly was inadequate ("Plaintiff's Objections, etc.," p. 3). Plaintiff alleges that after 48 hours and "numerous complaints" Defendant Quinn prescribed Tylenol 3 (id., pp. 3-4). Thus, Plaintiff's own allegations belie any claim that any Defendant entirely denied Plaintiff pain medication after the surgery.

**6. In section A.2.b. ("Bandages"), at page 17, the following is inserted after the citations on line 13:**

Indeed, in his Objections, Plaintiff admits that he cannot show any harm from the alleged delay in changing Plaintiff's bandages (see "Plaintiff's Objections, etc.," p. 3).

---

[*]    Defendants' evidence indicates that the surgery occurred on July 22, 2008 (see "Declaration of Ross Quinn, M.D. in Support of Federal Defendants' Motion for Summary Judgment," attached to Defendants' "Evidentiary Appendix" [ECF No. 110], at ¶ 16). In his opposition to Defendants' motion for summary judgment, Plaintiff does not argue to the contrary.

7.   At page 17, line 19, the following is added at the beginning of the second paragraph of Section A.2.c. ("Pin Removal"):

Defendants present contemporary treatment notes indicating that Defendant Redix advised medical staff not to remove the pin (Quinn Dec., Ex. 15).

8.   The sentence in Section A.2.c. ("Pin Removal") commencing at page 17, line 26 with the word "Although" is deleted and the following is substituted therefor:

In his sworn First Amended Complaint, Plaintiff alleges that a physician's assistant and "Doe" Defendant told Plaintiff that Defendant Quinn had contacted Defendant Redix and that Redix purportedly instructed Quinn to remove the pin (FAC, p. 5, ¶ 8).  In his sworn Motion for Summary Judgment, however, Plaintiff alleges that Redix told Plaintiff that he, Redix, had instructed Defendants to remove the pin (Plaintiff's Motion for Summary Judgment, p. 4, ¶ 12).  Regardless of the identity of the alleged declarant, Plaintiff does not offer these asserted hearsay statements against the party who supposedly made them, and the asserted hearsay statements concern facts not within Plaintiff's personal knowledge.  Hence, the alleged statements are inadmissible hearsay.  See Stonefire Grill, Inc. v. FGF Brands, Inc., 987 F. Supp. 2d 1023, 1037 (C.D. Cal. 2013) ("the Court may not consider inadmissible hearsay evidence which could not be presented in an admissible form

at trial") (citation omitted).


**9.   The words "and exercised his shoulder" are deleted from**
**footnote 10 on page 18, line 28.**


**10.   The following is inserted at the end of line 6 on page 19:**


Furthermore, in his Objections, Plaintiff states that he
"agrees" with the "concerns of the Defendants that a
shoulder-sling could cause further injury," and adds that
the physical therapist assertedly gave Plaintiff exercises
"for precisely the reasons that the Defendants denied the
medically prescribed shoulder harness to the Plaintiff"
("Plaintiff's Objections, etc.," p. 14; <u>see also</u>
"Plaintiff's Memorandum of Points and Authorities in Support
of the Plaintiff's Objections, etc.," at p. 10, deeming
Defendants' concerns that a shoulder sling could cause
further injury "well founded").


**11.   The following is inserted at page 20, line 17, after the**
**words "migrating pin":**


Moreover, in his Objections, Plaintiff admits that he cannot
show any harm from the alleged delay in physical therapy
(<u>see</u> "Plaintiff's Objections, etc.," p. 3).
///


**12. The last sentence of the paragraph ending on page 22 at line**

7

**8 is deleted and is replaced by the following:**

To the extent Plaintiff alleges that Defendants Quinn and Sterling violated the Eighth Amendment by transferring Plaintiff to FCI Saffold, Plaintiff has produced no evidence to show that either Defendant knew at the time of the transfer that the FCI Saffold medical department lacked a contract with an outside surgeon.  To the extent Plaintiff contends any Defendant "should have known" that FCI Saffold lacked such a contract (see "Plaintiff's Objections, etc.," p. 10), Plaintiff asserts mere negligence, not the requisite deliberate indifference.  See Gamble, 429 U.S. at 105-07. Thus, these Defendants are entitled to summary judgment as a matter of law.

**13.  Footnote 3 on page 5 is deleted, and Section V.B. (page 23, line 4 though page 25, line 13) is deleted and replaced with the following:**

B.  <u>Plaintiff's Motions to Amend Are Denied</u>.

1.  <u>Motion to Amend to Add Parties</u>

On January 24, 2013, some two and a half years after the filing of this action, six months after the Federal Defendants had answered, approximately six weeks before the March 11, 2013 discovery cut-off, and after Plaintiff had filed a motion for summary judgment, Plaintiff filed a

"Motion and Petition in Support of Plaintiff's Amendment to Substitute/Add Actual Defendants in Lieu of 'John Does 9&10,' etc." (ECF No. 91).   Plaintiff thereby sought to add the Barstow Orthopaedics Medical Group, Inc. (Defendant Redix's alleged medical group) ("Medical Group") and the Barstow Community Hospital ("Hospital") as Defendants on both Plaintiff's Eighth Amendment claim and Plaintiff's medical malpractice claim (previously alleged only against Defendant Redix).   On February 10, 2014, Plaintiff filed a "Motion for Status of Petition to Add John Doe Defendants" (ECF No. 128).

Because the Federal Defendants have answered, Plaintiff must obtain leave of court to amend his pleading.   See Fed. R. Civ. P. 15(a).   "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."   Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

Plaintiff knew that the Hospital and Medical Group were possible Defendants, at least on Plaintiff's medical malpractice claim, at the time he filed his original Complaint on June 21, 2010.   That Complaint identified Defendant Redix as being "employed as a [sic] Orthopedic Surgeon at Bartow [sic] Community Hospital/Barstow Orthopedics" (Complaint, ECF No. 1, at p. 3).   Later given

the opportunity to file a First Amended Complaint, Plaintiff did not name the Hospital or Medical Group in that pleading. In fact, Plaintiff did not attempt to amend his pleading to do so until more than two years later.  This lengthy delay is unreasonable.  See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 553 (2010) ("a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a)") (citation omitted); Goldyn v. Clark County, Nevada, 346 Fed. App'x 153, 155 (9th Cir. 2009) ("The district court did not abuse its direction by denying Goldyn's belated motion, particularly given that she sought to add parties who she'd known were involved from the beginning.") (citation omitted); AmerisourceBergen Corp. v Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (fifteen month delay between time plaintiff discovered facts supporting new claim and the filing of its motion to amend unreasonable); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (unjustified seven month delay between the discovery of a relevant fact and the request for leave to amend deemed unreasonable).

     Furthermore, any amendment to assert an Eighth Amendment claim against the Hospital and Medical Group would be futile.  To the extent Plaintiff might contend the Hospital and Medical Group are liable on a civil rights or Bivens claim for the actions of Defendant Redix on a theory of respondeat superior, any such contention would lack merit.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)

(doctrine of <u>respondeat superior</u> not applicable in civil
rights or <u>Bivens</u> cases).  Mere knowledge of the alleged
misconduct of an associate or subordinate is insufficient.
<u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.  Plaintiff has asserted
no facts, either in his pleadings, his motion to amend, his
summary judgment motion or his opposition to Defendants'
summary judgment motion, showing that the Hospital and the
Medical Group themselves were deliberately indifferent to
Plaintiff's serious medical needs.  Therefore, Plaintiff's
"Motion and Petition in Support of Plaintiff's Amendment to
Substitute/Add Actual Defendants in Lieu of 'John Does
9&10,' etc." (ECF No. 91) is denied.

### 2.   <u>Attempted Amendment to Add Claims</u>

In his "Memorandum of Law, Points and Authorities in
Support of Plaintiff's Motion for Summary Judgment,"
Plaintiff stated that discovery purportedly had revealed
"new evidence" allegedly necessitating the amendment of his
First Amended Complaint (Plaintiff's "Memorandum of Law,
Points and Authorities in Support of Plaintiff's Motion for
Summary Judgment," ECF No. 85, p. 2).  Plaintiff stated
that, to the extent his Memorandum contradicted the First
Amended Complaint, Plaintiff wished the Court to consider
the purported "new evidence."  Plaintiff described the "new
evidence" as "documents including medical reports, records,
prognosis evidence, diagnosis evidence, prescriptive
evidence for both surgical repair and correction as well as

1    pain management prescriptions, level of pain suffered,

2    errors, failures, omissions and incorrect procedures

3    conducted by Defendants herein. . . ." (id.).  Plaintiff

4    further alleged that Defendants Ferriol and Acosta

5    assertedly ordered Plaintiff to continue working despite

6    Plaintiff's alleged pain and suffering (id., pp. 9-10).  No

7    such assertions against Ferriol or Acosta are contained in

8    the First Amended Complaint.

9

10   Yet, Plaintiff appears to disclaim any intent to amend

11   his pleading to add any new claim against Ferriol and Acosta

12   concerning Plaintiff's alleged continued work, contending

13   these new allegations only "amplif[y]" his existing claims

14   (see Plaintiff's "Memorandum of Points and Authorities in

15   Support of the Plaintiff's Objections to the Magistrate

16   Judge's Report and Recommendation" [ECF No. 134-1], at p.

17   11).  When a plaintiff raises an issue on summary judgment

18   that is outside the scope of the complaint, the Court may

19   construe the issue as a request to amend the complaint

20   pursuant to Rule 15(b) of the Federal Rules of Civil

21   Procedure.  See Apache Survival Coalition v. United States,

22   21 F.3d 895, 910-11 (9th Cir. 1994).

23

24   Defendants addressed Plaintiff's "new" claim in their

25   Motion for Summary Judgment (see "Federal Defendants' Notice

26   of Motion and Motion for Summary Judgment, etc." [ECF No.

27   109], at pp. 20, 22; Statement of Undisputed Facts [ECF No.

28   109-1] UF 49, UF 64).  Despite Plaintiff's delay in

1    asserting this claim, there apparently has been no prejudice

2    to Defendants.  Therefore, Plaintiff is deemed to have made

3    an implied request to amend the First Amended Complaint to

4    add this claim, and this implied request is granted.[**]

5

6    **14.  Section V.C. (page 25, line 14 through page 28, line 6) is**

7    **deleted and replaced with the following:**

8

9    **C.**    **Plaintiff's Motion for Default Judgment Against**

10        **Defendant Redix Is Denied Without Prejudice.**

11

12        **1.**    **Background**

13

14    Plaintiff filed the original Complaint on June 21,

15    2010, and filed a consent to the jurisdiction of the

16    (Eastern District) Magistrate Judge on July 8, 2010 (ECF

17    Nos. 1, 5).  On August 11, 2010, the Magistrate Judge issued

18    an order dismissing Plaintiff's claims against Defendants

19    Quinn, Sterling, Ortiz, Garrett, Ferriol and Acosta with

20    leave to amend (ECF No. 6).[***]  On September 17, 2010,

21    Plaintiff filed a First Amended Complaint (ECF No. 9).  On

22    October 8, 2010, the Magistrate Judge issued an Order

23    directing service of process on Defendants Redix, Quinn,

24    Sterling, Carrett, Ferriol and Acosta (ECF No. 11).  On

25    _____

26    [**]    However, as set forth elsewhere herein, Defendants'
Motion for Summary Judgment on this claim also is granted.

27    [***]    The Magistrate Judge indicated that the Complaint
28    stated a colorable <u>Bivens</u> claim for relief against Defendant
Redix.

April 4, 2011, a waiver of service was filed purportedly showing that Defendant Redix signed the waiver on March 22, 2011 (ECF No. 26).

On June 17, 2011, Defendants Quinn, Sterling, Carrett, Ferriol and Acosta filed a motion to dismiss (ECF No. 31). On February 2, 2012, the Magistrate Judge issued an "Order & Findings and Recommendations" denying in part and granting in part the motion to dismiss (ECF No. 39).  In that Order the Magistrate Judge, inter alia, recommended that "Defendant Redix be found in default and the Clerk be directed to file these findings and recommendations upon him at the address for him provided [in Redix's waiver of service and consent to the Magistrate Judge's jurisdiction]."

The service receipt for the "Order & Findings and Recommendations" available on the Court's docket shows that the court clerk mailed this Order to Plaintiff, but the docket does not show that the clerk mailed the document to Defendant Redix.

On February 8, 2012, the Federal Defendants filed a motion for reconsideration (ECF No. 41).  On February 24, 2012, the Magistrate Judge issued an Order stating that, because all parties (including Defendant Redix) had consented to the Magistrate Judge's jurisdiction, the District Judge (in the Eastern District of California) had

referred the case to the Magistrate Judge for all purposes
(ECF No. 45).  The Magistrate Judge deemed the February 2,
2012 "Order & Findings and Recommendations" to be the order
of the Court, nunc pro tunc.  The February 24, 2012 Order
directed the court clerk to serve a copy of the Order on
Defendant Redix at the address shown on Redix's consent and
waiver forms.  The service receipt for this Order available
on the docket shows that the court clerk mailed the document
to Plaintiff, but does not show that the clerk mailed the
document to Defendant Redix.

On February 28, 2012, the Magistrate Judge issued an
"Amended Order" correcting several dates in the February 2,
2012 "Order & Findings and Recommendations" (see ECF No.
46).  The Amended Order directed the court clerk to serve a
copy of the Amended Order on Defendant Redix at the address
shown on Redix's consent and waiver forms.  The service
receipt available on the Court's docket shows that the court
clerk mailed the Amended Order to Plaintiff, but the docket
does not show that the clerk mailed the document to
Defendant Redix.

On March 30, 2012, the Magistrate Judge issued an
"Order" denying the Federal Defendants' motion for
reconsideration, again stating that Defendant Redix was in
default and transferring the action to the Central District
of California (ECF No. 52).  The service receipt available
on the Court's docket shows that the court clerk mailed this

15

1    Order to Plaintiff, but the docket does not show that the

2    clerk mailed the document to Defendant Redix.

3

4        Thus, there is no docket entry reflecting that the

5    court clerk sent any of the above mentioned court

6    recommendations or orders to Defendant Redix.  Also, the

7    docket does not reflect any entry by the clerk of Defendant

8    Redix's default.

9

10       **2.  <u>Discussion</u>**

11

12       Plaintiff's motion for a default judgment must be

13   denied for several reasons.  First, although the (Eastern

14   District) Magistrate Judge's orders stated that Defendant

15   Redix was "in default," the docket does not reflect that the

16   clerk entered default against Defendant Redix, or that

17   Plaintiff ever requested the clerk to enter default.

18   "[E]ntry of default by the clerk is a prerequisite to an

19   entry of default judgment."  <u>VonGrabe v. Sprint PCS</u>, 312 F.

20   Supp. 2d 1313, 1318 (S.D. Cal. 2004); <u>see</u> Fed. R. Civ. P.

21   55.

22

23       Second, even assuming <u>arguendo</u> that the prior orders

24   stating that Defendant Redix was "in default" sufficed for

25   an entry of default by the clerk, default judgment against

26   Defendant Redix still would not be warranted at this time.

27   A district court has discretion to determine whether to

28   grant judgment by default.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089,

16

1092 (9th Cir. 1980); <u>Dish Network, LLC v. Hoggard</u>, 2014 WL
2208104, at *1 (E.D. Cal. May 28, 2014).  Factors which may
be considered by courts in exercising discretion as to the
entry of a default judgment include: (1) the possibility of
prejudice to the plaintiff; (2) the merits of the
plaintiff's substantive claim; (3) the sufficiency of the
complaint; (4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil
Procedure favoring decisions on the merits.  <u>Eitel v.
McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ("<u>Eitel</u>").
When considering a request for entry of default judgment
after an entry of default, the Court must take as true the
well-pleaded allegations of the complaint.  <u>See TeleVideo
Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir.
1987).  "[D]efault judgments ordinarily are disfavored."
<u>Eitel</u>, 782 F.2d at 1472.

The Court has considered all of the <u>Eitel</u> factors.  It
appears that Defendant Redix may not have received copies of
the former Magistrate Judge's recommendations and orders,
and hence that Defendant Redix's failure to participate
further in this litigation may have been the result of
excusable neglect.  <u>Compare Dish Network, LLC v. Hoggard</u>,
2014 WL 2208104, at *4 (where defendant was served with
summons and complaint and motion for default judgment, it
was "unlikely that Defendant's actions were the result of

excusable neglect"). Thus, factor 6 does not weigh in favor of a default judgment.

With respect to factor 1, if a default judgment is not entered, Plaintiff will remain free to litigate his claims against Defendant Redix, either in this case or in a state court forum. Because it is possible that Defendant Redix did not receive copies of the orders indicating that he was "in default," the Court cannot say that Plaintiff will be unable to litigate against Defendant Redix. Compare PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (where plaintiff made numerous unsuccessful attempts to contact defendant, plaintiff likely would "be without other recourse for recovery" if court did not enter default judgment). Therefore, factor 1 does not weigh in Plaintiff's favor.

Factor 3 weighs in favor of a default judgment.[****] However, the Court at this stage of the litigation has the benefit of the briefing on the parties' summary judgment motions, which suggests that material factual issues may exist concerning Defendant Redix's liability. Thus, factors 2 and 5 weigh in favor of denying the request for default judgment.

---

[****]   As indicated above, the former Magistrate Judge indicated that the original Complaint sufficed to state a claim against Defendant Redix.  The First Amended Complaint contains allegations against Defendant Redix similar to those in the original Complaint.

1        The Court must consider "the sum of money at stake in

2   relation to the seriousness of Defendant's conduct."

3   PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d

4   at 1176.  "Default judgment is disfavored where the sum of

5   money at stake is too large or unreasonable in relation to

6   defendant's conduct."  Vogel v. Rite Aid Corp., 2014 WL

7   211789, at *8 (C.D. Cal. Jan. 17, 2014).  The sum of money

8   Plaintiff seeks, six million dollars, is exceedingly large,

9   and Plaintiff has alleged no special medical damages or

10  other out-of-pocket losses.  To the extent Plaintiff seeks

11  damages for pain and suffering against Defendant Redix for

12  malpractice, the California Medical Injury Compensation

13  Reform Act ("MICRA"), limits noneconomic damages for medical

14  malpractice claims to a maximum of $250,000.  See Cal. Civ.

15  Code § 3333.2.  Factor 4 does not militate in Plaintiff's

16  favor.  See Eitel, 782 F.2d at 1472 (in legal malpractice

17  action, where plaintiff sought almost $3 million and the

18  parties disputed the material facts, district court did not

19  abuse its discretion in denying request for default

20  judgment).

21

22        Finally, factor 7, the "strong public policy" favoring

23  a decision on the merits, supports denial of the request for

24  entry of default judgment.

25  ///

26        In sum, the majority of the Eitel factors do not weigh

27  in favor of entry of a default judgment against Defendant

28  Redix.  Plaintiff's request for default judgment against

1  Defendant Redix is denied without prejudice.

2

3  **15.  Footnote 12 on page 25 is deleted, and section V.D. (Page**

4  **28, line 7 through page 29, line 23) is deleted and replaced with the**

5  **following:**

6

7  D.  **Plaintiff's Outstanding Discovery-Related Motions Are**

8  **Denied.**[*****]

9

10  1.  **Motion to Compel**

11

12  On January 31, 2013, Plaintiff filed a "Second

13  Additional Request for Production of Documents Pursuant to

14  Fed.R.Civ.P. 34" (ECF No. 95).  This document contained two

15  document requests propounded to Defendants: (1) a request

16  for all evidence referenced in "Federal Defendants' Ex Parte

17  Application to Extend Deadline for Filing Opposition to

18  Plaintiff's Summary Judgment Motion" (ECF No. 88); and (2) a

19  request for all contracts, agreements or understandings

20  between Defendant Redix and/or Barstow Orthopaedic Medical

21  Group, Inc. and the Federal Bureau of Prisons, the United

22  States, the United States Department of Justice and the

23  Victorville Federal Correctional Institution concerning

24  medical care and services.  Plaintiff's "Second Additional

25  Request etc." did not seek a court order.

26

27  ───────────────

28  [*****]  The Court previously denied two other motions to compel
filed by Plaintiff (ECF Nos. 126, 127).

1       On March 29, 2013, Plaintiff filed "Plaintiff's Motion
2   to Compel Defendants to Produce Documents Within Compliance
3   of Fed.R.Civ.P. 26(b) and 34(a)" (ECF No. 104), concerning
4   the two document requests contained in the "Second
5   Additional Request etc."  Defendants filed an Opposition to
6   this motion on April 29, 2013 (ECF No. 107).

7

8       On May 10, 2013, Plaintiff filed "Plaintiff's Final
9   Request to Comply with Rule 34 Request for Production of
10  Documents" (ECF No. 114), constituting a "final" request to
11  Defendants for production of the documents requested in
12  Plaintiff's "Second Additional Request for Production of
13  Documents Pursuant to Fed.R.Civ.P. 34."  "Plaintiff's Final
14  Request etc." did not seek a court order.

15

16      Plaintiff's Motion to Compel (ECF No. 104) is denied.
17  First, Plaintiff has not shown an entitlement to advance
18  access to the evidence Defendants purportedly planned to
19  submit in support of their summary judgment motion.  See
20  Fed. R. Civ. P. 26(b)(3)(A).  In any event, Plaintiff became
21  aware of the evidence that the moving Defendants submitted
22  in support of their motion for summary judgment at the time
23  Plaintiff received his service copy of that motion, and
24  Plaintiff was able to prepare an opposition addressing that
25  ///

26

27

28

21

1    evidence.******

2

3        Second, Plaintiff's request for documents concerning

4    all contractual relationships and understandings between

5    Defendant Redix and his asserted medical group and the

6    Federal Defendants was impermissibly overbroad.

7    Furthermore, Plaintiff has not shown how this information,

8    if acquired, would have aided Plaintiff in opposing summary

9    judgment in favor of the Federal Defendants.

10

11       **2.   <u>Motion to Strike</u>**

12

13       In Plaintiff's Opposition to Defendants' Motion for

14   Summary Judgment, Plaintiff embeds a "Motion to Strike the

15   Medical Record Review Report" (<u>see</u> "Plaintiff's Opposition

16   to Federal Defendants' Notice of Motion and Motion for

17   Summary Judgment" [ECF No. 119-1], p. 2).  Plaintiff

18   apparently seeks an evidentiary sanction based on

19   allegations that Defendants assertedly failed to provide the

20   "Medical Record Review Report" in response to Plaintiff's

21   "Second Additional Request for Production of Documents,

22   Etc." (ECF No. 95).  Plaintiff's motion to strike is denied

23   for failure to comply with the requirements of Rule 37 of

24   the Federal Rules of Civil Procedure and Local Rule 37-

25   _____

26       ****** In his Opposition to Defendants' Motion for Summary
     Judgment, Plaintiff did not contend that any alleged failure to
27   provide discovery hindered Plaintiff from opposing Defendants'
     summary judgment motion, and did not request deferral of a
28   decision on that motion or an extension of time to take discovery
     pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

1.******* In any event, the Court has not relied on the "Medical Review Report" in ruling on the parties' motions for summary judgment.

### 3.   Motion for Extension of Discovery Cut-off

On May 6, 2013, Plaintiff filed "Plaintiff's Request on the Honorable Dolly M. Gee to Review and Make an Order to Extend Discovery Time Period," seeking an extension of the discovery cut-off in light of seven "unadjudicated motions by Plaintiff" (ECF No. 108).  Those motions were: (1) Plaintiff's "Petition and Motion for Reconsideration to Include Second Series of Surgeries" (ECF No. 79); (2) Plaintiff's "Motion and Petition in Support of Plaintiff's Amendment to Substitute/Add Actual Defendants in Lieu of 'John Does 1&2,' etc." (ECF No. 91); (3) Plaintiff's "Motion to Compel Production of Documents, etc." (ECF No. 90); (4) "Plaintiff's Request and Affidavit to Clerk of the Court for Order of Default Judgment, etc." (ECF No. 96); (5) Plaintiff's "Motion for Order Compelling Production of Documents, etc." (ECF No. 99); (6) "Plaintiff's Motion to Compel Defendants to Produce Documents, etc." (ECF No. 104); and (7) "Plaintiff's Request for Copy of Civil Docket" (ECF No. 105).

///

The Court denied Plaintiff's "Petition and Motion for

_____

******* The "Medical Record Review Report" is attached to Defendants' "Evidentiary Appendix" (ECF No. 110) as Exhibit 42.

23

Reconsideration to Include Second Series of Surgeries" (ECF No. 79) on September 30, 2013 (ECF No. 125).  The Court also denied Plaintiff's "Motion to Compel Production of Documents, etc." (ECF No. 90) and Plaintiff's "Motion for Order Compelling Production of Documents, etc." (ECF No. 99) on September 30, 2013 (ECF Nos. 126, 127).  The court clerk sent Plaintiff a copy of the docket on October 1, 2013 (see ECF unnumbered entry following ECF No. 127).

The Court denies the other motions listed in "Plaintiff's Request on the Honorable Dolly M. Gee to Review and Make an Order to Extend Discovery Time Period."  As indicated above, in his Opposition to Defendants' Motion for Summary Judgment, Plaintiff did not contend that any alleged failure to provide discovery hindered Plaintiff from opposing Defendants' summary judgment motion, and did not request deferral of that motion or an extension of time to take discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  Plaintiff made no argument in his Objections to the Report and Recommendation concerning any purported need for additional discovery.  Plaintiff's request for an extension of the discovery cut-off is denied.

///
///
///
///
///

**16.  The following is inserted at page 29, line 24 as a new**

24

section V.E.:

**E.   <u>Plaintiff's Remaining Motions Are Denied</u>.**

On December 26, 2012, Plaintiff filed a "Request and Motion for Time Extension Within Which to File Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration" (ECF No. 83). On January 7, 2013, Plaintiff filed "Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion for Reconsideration" (ECF No. 121). The Court denied the Motion for Reconsideration on September 30, 2013 (ECF No. 125), well after Plaintiff's Response had been filed and entered on the docket.[********] Therefore, the "Request and Motion for Time Extension Within Which to File Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration" (ECF No. 83) is denied as moot.

On May 24, 2013, Plaintiff filed "Plaintiff's Request for Extension of Time Within Which to Reply to Defendants' Motion for Summary Judgment" (ECF No. 115). Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment on July 15, 2013 (ECF No. 119). The Magistrate Judge had the benefit of Plaintiff's Opposition at the time he issued the

---

[********]   For reasons not apparent to the Court, Plaintiff's Response (ECF No. 121), filed January 7, 2013, was not entered onto the docket until September 18, 2013. Nevertheless, the Court received Plaintiff's response prior to ruling on the Motion for Reconsideration.

1    Report and Recommendation.\*\*\*\*\*\*\*\*\*   Therefore, Plaintiff's

2    Request for Extension of Time Within Which to Reply to

3    Defendants' Motion for Summary Judgment" (ECF No. 115) is

4    denied as moot.

5

6         On June 10, 2013, Plaintiff filed "Plaintiff's Motion

7    for Appointment of Counsel, Authorize Cost for Expert

8    Witness and to Stay the Proceedings" (ECF No. 116).  This

9    Motion is denied.  <u>See</u> <u>Cano v. Taylor</u>, 739 F.3d 1214, 1218

10   (9th Cir. 2014) (affirming denial of appointment of counsel

11   in civil rights case where there were no exceptional

12   circumstances, plaintiff was unlikely to succeed on the

13   merits and plaintiff was able to articulate his legal claims

14   sufficiently); <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th

15   Cir. 1989) (<u>in forma pauperis</u> statute, 28 U.S.C. section

16   1915, does not authorize expenditure of public funds for

17   witness fees and expenses); <u>Thomas v. Antipov</u>, 2013 WL

18   6086765, at \*3 (E.D. Cal. Nov. 19, 2013), <u>aff'd on</u>

19   <u>reconsideration</u>, 2014 WL 654536 (E.D. Cal. Feb. 19, 2014)

20   ("plaintiff's pro se and in forma pauperis status do not

21   entitle him to appointment of an expert") (citations

22   omitted).

23   ///

24   **17.**  <u>**Recommendation**</u>

25

26   ————————————

         \*\*\*\*\*\*\*\*\*      Plaintiff's Opposition to Defendants' Motion for

27   Summary Judgment was filed on July 15, 2013, but not entered onto
     the docket until August 19, 2013.  Despite this additional
     unexplained delay in docketing, the Court had the Opposition on

28   or before the date of filing.

26

1    The Court declines to adopt the "Recommendation" section (page

2    29, line 25 through page 30, line 3) of the Report and Recommendation

3    and issues the following order:

4

5                                **ORDER**

6

7    1.  The following motions are denied:

8

9    a.  Plaintiff's "Request and Motion for Time Extension, etc."

10   (ECF No. 83);

11

12   b.  Plaintiff's "Motion for Order Compelling Production of

13   Documents, etc. (ECF No. 99), "Plaintiff's Motion to Compel, etc."

14   (ECF No. 104) and Plaintiff's "Motion to Strike the Medical Record

15   Review Report" (contained within "Plaintiff's Opposition to Federal

16   Defendants' Notice of Motion and Motion for Summary Judgment" (ECF No.

17   119-1), p. 2);

18

19   c.  Plaintiff's "Motion and Petition in Support of Plaintiff's

20   Amendment to Substitute/Add Actual Defendants in Lieu of 'John Does

21   9&10'") (ECF No. 91) and the related "Motion for Status of Petition to

22   Add John Doe Defendants" (ECF No. 128);

23

24   d.  "Plaintiff's Request and Affidavit to Clerk of the Court for

25   Order for Default Judgment, etc." (ECF No. 96) and the related "Motion

26   for Status of Default Judgment" (ECF No. 129);

27

28   e.  "Plaintiff's Request on the Honorable Dolly M. Gee to Review

1  and Make an Order to Extend Discovery Time Period" (ECF No. 108);

2

3      f.   "Plaintiff's Request for Extension of Time Within Which to

4  Reply to Defendants' Motion for Summary Judgment" (ECF No. 115); and

5

6      g.   "Plaintiff's Motion for Summary Judgment, etc." (ECF No. 84).

7

8      2.   The "Federal Defendants" Motion for Summary Judgment (ECF No.

9  109) is granted.   The action as against the Federal Defendants is

10  dismissed with prejudice.

11

12      3.   The Clerk of the Court is directed to enter on the docket the

13  default of Defendant Redix, and to send a copy of this Order to

14  Defendant Redix at the address shown on the waiver of service executed

15  by Defendant Redix (ECF No. 26).   In the event Defendant Redix does

16  not file a motion for relief from default within forty-five (45) days

17  of the date of this Order, Plaintiff shall have twenty-one (21) days

18  from the expiration of the forty-five (45) day period to file a

19  renewed motion for entry of default judgment against Defendant Redix.

20  In the event Plaintiff fails to file a timely renewed motion for entry

21  of default judgment, the Court may dismiss the action as against

22  Defendant Redix for lack of prosecution.

23  ///

24  ///

25  ///

26  ///

27  ///

28

1      IT IS FURTHER ORDERED that the Clerk serve copies of this Order

2  and the Magistrate Judge's Report and Recommendation on Plaintiff,

3  Defendant Redix, and all counsel of record.

4

5  DATED:  August 26, 2014

6

7

8                                    _____
                                            DOLLY M. GEE
9                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28