IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY D. MAYER, <br><br> Plaintiff, <br><br> vs. <br><br> LOUIS REDIX, et al., <br><br> Defendants. | Case No.: 5:12–cv–00515–DWM–E <br><br><br> ORDER |

In 2010, Plaintiff Casey D. Mayer, a prisoner proceeding pro se,[1] filed a complaint against an orthopedic surgeon, Defendant Louis Redix, M.D., and a number of Federal defendants related to a surgery he underwent while incarcerated, alleging claims pursuant to 42 U.S.C. § 1983 (Count I) and state law medical malpractice (Count II). (Amended Compl., Doc. 9.) A number of years, judges, and substantive rulings later, his only remaining claim is for medical malpractice against Defendant Redix. In preparation for the upcoming trial of that claim, the parties raise ten motions in limine, four by Plaintiff and six by Defendant. Argument was heard during the Final Pretrial Conference on November 14, 2017. For the reasons stated on the record, and as further outlined

---

[1] Counsel has since been appointed.

1

below, IT IS ORDERED:

I. **Plaintiff's Motions**

**Plaintiff No. 1:** Exclude evidence of criminal convictions and other lawsuits and grievances (Doc. 281)

**GRANTED.** Plaintiff Mayer first seeks to limit evidence and testimony as to his criminal history and have the Court inform the jury only that: (i) Plaintiff was convicted in 2006 for being a felon in possession of a firearm[2] and (ii) was incarcerated as a result until 2016. Such a limitation is appropriate given the age and nature of Mayer's pre-2007 convictions. *See* Fed. R. Evid. 609(b)(1). Additionally, it is neither necessary nor appropriate to elicit further details of his 2006 conviction. Fed. R. Evid. 609(a)(1)(A), 403; *see United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009).

**Plaintiff No. 2:** Preclude Defendant Redix from offering expert opinions (Doc. 282)

**GRANTED in PART.** Plaintiff seeks to preclude Defendant from providing his own expert opinions during trial. Regardless of the merits of Plaintiff's argument under Rules 702 and 403, Defendant failed to make an expert disclosure. *See* Fed. R. Civ. P. 26(a)(2)(B). He is therefore barred from testifying

---

[2] As noted at the final pretrial conference, Plaintiff agreed to informing the jury as to the nature of the 2006 conviction.

2

as an expert in the absence of some showing that his failure to disclose was either substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). No such showing has been made here. However, as a treating physician, Defendant is exempt from the Rule 26(a)(2)(B) written report requirement "to the extent his opinions were formed during the course of treatment." *Goodman*, 644 F.3d at 826. As a result, Defendant's testimony is limited to the scope of treatment rendered and the relevant information reviewed at that time. *Id.* Notably, Defendant indicated in his response that he did not plan to exceed that scope.

**Plaintiff No. 3:** **Preclude Defendant from offering speculative testimony (Doc. 283)**

**DENIED, subject to trial objection.** Plaintiff seeks to exclude any of Defendant's speculative testimony as to his interaction with Plaintiff on the morning of the surgery (in the pre-surgery meeting) on the grounds that Defendant admitted to not remembering the substance of that communication in his deposition. Plaintiff is correct that Defendant is not permitted to speculate, *United States v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015), and is limited to his personal knowledge and experience, Fed. R. Evid. 602 ("A witness may testify to

a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *Sempra Energy v. Marsh USA, Inc.*, 2008 WL 11335050, at *13-14 (C.D. Cal. Oct. 15, 2008). That said, because it is unknown at this point what the substance of Defendant's testimony will be and what it will be based on, Plaintiff's speculative request to exclude this speculative evidence is denied. "The parties may raise specific objections at trial if testimony elicited strays into the realm of speculation or conjecture." *Heggem v. Snohomish Cnty. Corrections*, 2015 WL 1759201, at *1 (W.D. Wash. Apr. 17, 2015).

Plaintiff further argues that Defendant should not be allowed to testify as to what he does "normally," or his habit/routine/ordinary course of pre-surgery meetings with patients. Once again, it is unknown at this time what Defendant will testify to. But, such evidence may be admissible under Rule 406 ("Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness."). So long as Defendant can adequately show the frequency and regularity of a given behavior, Plaintiff's argument is more properly addressed through cross examination.

**Plaintiff No. 4:** Exclude, or limit, the testimony of Dr. Ronald Kvitne (Doc. 284)

**GRANTED in PART.** Plaintiff objects to the expert disclosure and opinions of Dr. Ronald Kvitne, an orthopedic surgeon retained by Defendant. Ultimately, Dr. Ronald Kvitne is permitted to testify as an expert, but his testimony is limited to those opinions fairly disclosed in his September 8, 2017 Expert Report. (*See* Doc. 284-1 at 4-6.)

A. Exclusion

1. *Daubert*/Rule 702

Pursuant to Rule 702, the district court has a duty to act as a gatekeeper and ensure that any and all scientific testimony "is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)); *see also Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). The question of reliability asks "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Kumho Tire*, 526 U.S. at 149). But, even reliable expert testimony must still be helpful to the jury's determination of the material factual questions at hand. *Stilwell*, 482 F.3d at 1192.

Here, Plaintiff argues Dr. Kvitne's testimony meets neither requirement. Plaintiff insists it is unreliable because it is not based on record evidence and irrelevant because Dr. Kvitne mentions procedures that did not occur and his report relates to defendants no longer in the case. However, Dr. Kvitne meets the threshold requirement for both showings. As to his opinions being reliable, Dr. Kvitne is a board certified orthopedic surgeon, (*see* Rough Depo. Transcript, Doc. 284-1 at 29), and has been performing surgeries for over thirty years on all types of patients, (*id.* at 45).³ Dr. Kvitne did not examine Plaintiff, (*id.* at 50), nor did he review x-rays or radiographical images, (*id.* at 48, 50), but his expert report shows he reviewed Plaintiff's medical records, (*id.* at 8), and he explains that it would not have helped to review x-rays that post-date further surgeries, (*id.* at 49). As to relevancy, Dr. Kvitne's deposition and report opine as to the conduct of Defendant Redix and the specific procedure performed here. Plaintiff's objections are credibility concerns better suited for cross examination.

2. **Rule 403**

Plaintiff further argues that Dr. Kvitne's testimony should be excluded pursuant to Rule 403 because it is misleading and not supported by the record

---

³ Notably, Plaintiff omits Dr. Kvitne's CV from his motion. (*See* Doc. 281-1 at 24-25 (jumping from Exhibit 3 to Exhibit 6 of Dr. Kvitne's expert report, omitting CV and "List of Depos & Trials").)

facts. As mentioned above, the simple fact that Plaintiff disagrees with his conclusions is insufficient to warrant exclusion. Plaintiff emphasizes that his testimony is in part based on Plaintiff's failure to wear a "sling," a fact Plaintiff insists is not in the record. However, Dr. Kvitne explains that his conclusion regarding Plaintiff's post-surgical non-compliance is based on his education, training, and experience in this area and what is the most likely cause of the complication that occurred here. (*See* Doc. 284-1 at 46.) Moreover, Plaintiffs' non-compliance with post-surgery care instructions appears to be a disputed issue in the case upon which proof will be presented at trial.

B. **Limit to Expert Report**

Although it is not appropriate to exclude Dr. Kvitne's testimony as discussed above, that testimony is limited to those opinions fairly disclosed in his September 2017 report. *See* Fed. R. Civ. P. 26(a)(2)(B).

II. **Defendant's Motions**

**Defendant No. 1:  Preclude Plaintiff's reliance on *Res Ipsa Loquitur*** 
             **(Doc. 267-1)**

**DENIED, subject to renewal on Rule 50 and settling jury instructions.** Defendant seeks to prevent the Plaintiff from presenting a theory of the case based on the doctrine of *res ipsa loquitur*. Under California law, this doctrine is

applicable under three conditions: "(1) the accident [or injury] must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff." *Hale v. Venuto*, 187 Cal. Rptr. 357, 361 (Cal. App. 1982) (quoting *Ybarra v. Spangard*, 154 P.2d 687, 689 (Cal. 1944) (alteration in original)). Accordingly, whether this doctrine applies to a particular case is highly fact dependent and "[i]t is not for the trial court to draw or to refuse to draw the inference of negligence so long as plaintiff has produced sufficient evidence to permit the jury to make that decision." *Id.* Because Defendant's arguments hinge on the proof presented at trial, it is too early to preclude reliance on *res ipsa loquitur* at this stage.

**Defendant No. 2:** **Preclude evidence re Plaintiff's medical care after August 1, 2017 (Doc. 268-1)**

**DENIED, subject to trial objection.** On October 5, 2017, this Court ordered disclosure of any of Plaintiff's medical records post-dating his deposition. (*See* Doc. 252.) Nothing was filed. However, counsel for Plaintiff indicated during argument that Plaintiff did not receive medical care during this time period so no such records exist. In the absence of an actual issue, Defendant's motion is

8

denied subject to renewal if the issue arises at trial.

**Defendant No. 3: Preclude evidence as to any medical care beyond issue of informed consent (Doc. 269-1)**

**DENIED, subject to renewal on Rule 50.** Defendant argues that because Plaintiff disclosed only one retained medical expert and that expert report is limited to the issue of informed consent and not the performance of the medical procedure, Plaintiff's negligence case is limited to that of informed consent. Given the possible application of *res ipsa loquitor* and potential proof in the case through the treatment testimony of Dr. Rex Cooley, *see Goodman*, 664 F.3d at 821–22, Defendant's request is denied as premature.

**Defendant No. 4: Admit evidence that Plaintiff is a convicted felon (Doc. 270-1)**

**GRANTED in PART.** (*See* Plaintiff's No. 1).

**Defendant No. 5: Preclude testimony of Thomas J. Grogan, M.D. regarding informed consent (Doc. 271-1)**

**DENIED.** Defendant seeks to exclude the testimony of Plaintiff's expert as to informed consent on the grounds that informed consent is a question of fact to be determined by the jury. While Defendant is correct that whether informed consent was given—i.e., what Defendant actually told Plaintiff prior to surgery—whether that disclosure met the applicable standard of care is an

9

appropriate area for expert testimony. *See Arato v. Avedon*, 858 P.2d 598, 611 (Cal. 1993) ("[T]here may be a limited number of occasions in the trial of informed consent claims where the adequacy of disclosure in a given case may turn on the standard of practice within the relevant medical community. In such instances, expert testimony will usually be appropriate.").

**Defendant No. 6: Exclude expert testimony of Phillip D. Sidlow (Doc. 272-1)**

**DENIED.** Finally, Defendant seeks to exclude the testimony of Plaintiff's vocational economic expert, Phillip D. Sidlow, on the grounds that his opinion is based on the assumption that Plaintiff has "sustained a permanent impairment." Other than to argue that Mr. Sidlow is not qualified to give a medical opinion, Defendant does not take the position that Mr. Sidlow is not qualified in his field nor that his opinions are unreliable. Because Mr. Sidlow does not purport to give a medical opinion but merely uses the Plaintiff's condition as a starting point for his analysis, the question is therefore one of relevancy of Mr. Sidlow's resulting opinions. Because the extent of Plaintiff's injuries will be a matter of proof at trial, Mr. Sidlow's testimony is relevant depending on what evidence the jury believes. To the extent the medical proof does not support his conclusions, Defendant has ample grounds at trial to make his case on cross examination. Defendant's attempt to exclude this expert under Rule 702 or *Daubert* simply

because he disagrees with the factual basis of the expert's conclusion is unavailing.

**IT IS SO ORDERED.**

Dated this 15th day of November, 2017.

					_____
					Donald W. Molloy, District Judge
					United States District Court